IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **TCGC IP HOLDINGS, LLC,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. **3:10-CV-0055-L** |
| v. | § | |
| | § | |
| | § | |
| **GRAVES GOLF ACADEMY, et al.**, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the court is Plaintiff's Motion for Leave to Take Jurisdictional Discovery, filed May 27, 2010.  After carefully considering the motion, response, reply, record, and applicable law, the court **grants** Plaintiff's Motion for Leave to Take Jurisdictional Discovery.

I.       **Factual and Procedural History**

Plaintiff TCGC IP Holdings, LLC ("Plaintiff" or "TCGC") filed its Original Complaint against Defendants Graves Golf Academy (the "School"), Todd Graves, and Timothy Graves (the "Graves Brothers") (collectively, "Defendants"), on January 12, 2010.  Plaintiff has brought a claim of copyright infringement pursuant to 17 U.S.C. § 101, *et seq*., and it seeks an accounting and a permanent injunction.  Plaintiff contends that it owns a video recording that shows Moe Norman giving a golf clinic on August 7, 1983 (the "Copyrighted Work").  It alleges that Defendants have included the Copyrighted Work on videos that they have advertised and sold:  "Moe Norman Clinic: the Feeling of Greatness," and "Moe Norman Clinic:  the Feeling of Greatness with special feature 'Know Moe'" (the "Infringing Works").  Plaintiff contends that Defendants have sold the Infringing

Works on their website and on amazon.com and that they use the Copyrighted Work during golf instruction at their schools.

The Graves Brothers have moved to dismiss this civil action against them for lack of personal jurisdiction. TCGC has responded to their motion to dismiss, but it also filed this motion seeking leave to conduct jurisdictional discovery and to file a supplemental response to the motion to dismiss. Defendants oppose the motion. They also moved to stay discovery until the court rules on the pending motions. The court granted Defendants' motion to stay and stayed discovery until it ruled on this motion.

## II.      Legal Standard

For the court to grant jurisdictional discovery, a plaintiff must make "a preliminary showing of jurisdiction." *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 429 (5th Cir. 2005) (quoting *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3rd Cir. 2003)). "[D]iscovery on matters of personal jurisdiction need not be permitted unless the motion to dismiss raises issues of fact. When the lack of personal jurisdiction is clear, discovery would serve no purpose and should not be permitted." *Kelly v. Syria Shell Petroleum Dev. B.V.*, 213 F.3d 841, 855 (5th Cir.), *cert. denied*, 531 U.S. 979 (2000) (citation omitted). In *Kelly*, the court upheld a denial of jurisdictional discovery because the defendants failed to specify what facts they believed discovery would uncover and how those facts would support personal jurisdiction. *Id.* at 855-56.

## III.     Analysis

Plaintiff seeks jurisdictional discovery and an opportunity to file a supplemental response to the Graves Brothers' motion to dismiss for lack of personal jurisdiction. Specifically, it seeks leave to take discovery and limited depositions of the Graves Brothers. It contends that the court

**Memorandum Opinion and Order – Page 2**

should simply deny the Graves Brothers' motion to dismiss, but, if it does not, it should grant TCGC the opportunity to conduct limited jurisdictional discovery. Plaintiff alleges that this discovery will reveal that the Graves Brothers directly control the actions of the School, that one or both of the Graves Brothers is the alter ego of the School, or that they were personally involved, supervised, or directed the infringing activity committed by the School. It argues that it has alleged that each of the individual Defendants is liable in his individual capacity for copyright infringement and that they have offered the Infringing Works for sale. Plaintiff therefore seeks leave to conduct discovery regarding: "(a) the degree to which the [School] is controlled by one or both of the individual Defendants; (b) the personal involvement of one or both of the individual Defendants in infringing TCGC's copyrights; and (c) all Defendants' contacts and ties with Texas and this Judicial District." Pl.'s Mot. for Leave 4-5.

Defendants oppose Plaintiff's motion. They contend that it is moot based upon TCGC's response to the Graves Brothers' motion to dismiss. They argue that Plaintiff has failed to make a preliminary showing of personal jurisdiction because it has failed to demonstrate the existence of contacts between the Graves Brothers and Texas. Finally, Defendants contend that Plaintiff has failed to show that the sought discovery would reveal facts that would alter that court's analysis of the motion to dismiss. The court will address the parties' arguments in turn.[*]

First, the court considers whether this motion is moot in light of Plaintiff's response to the Graves Brothers' motion to dismiss. Defendants contend that it is moot because Plaintiff concedes

---

[*]Plaintiff also filed a reply, attaching new evidence and making new arguments. It states: "Although new evidence and new arguments should not be included for the first time in a reply brief, Defendants did so in their Reply Brief and should not complain about the limited appendix included with this Reply Brief." Pl.'s Reply 2 n.3. Two wrongs do not make a right. The court declines to consider new arguments and evidence filed for the first time in a reply when there is no chance for the nonmovant to respond. *See Spring Indus., Inc. v. American Motorists Ins.*, 137 F.R.D. 238, 239 (N.D. Tex. 1991). The court will not consider the new arguments raised by Plaintiff in its reply.

that its only theory of personal jurisdiction over the Graves Brothers is that of specific jurisdiction and because the fiduciary shield doctrine applies in this case.  Defendants state that they have admitted facts supporting the exercise of specific jurisdiction over the School.

Plaintiff responds that the court has specific jurisdiction over the Graves Brothers because of their contacts with Texas from purposefully directing the sale of the Infringing Works and shipping them to this state.  It argues that it has a good faith belief that limited discovery will show that the individual Defendants were personally involved in the sales of the Infringing Works in Texas and that this belief is supported by facts pleaded in its Original Complaint.  Finally, it argues that the fiduciary shield doctrine does not protect the Graves Brothers from their personal torts.

Defendants next argue that Plaintiff has failed to make a threshold showing of jurisdiction that would entitle it to discovery.  They argue that the allegations cited by Plaintiff refer to the actions of the School, not the Graves Brothers.  Plaintiff responds that it has alleged that each of the individual Defendants infringed its copyrights and purposefully directed sales of the Infringing Works to Dallas County and Texas.  It also alleges that each of the Graves Brothers has a direct financial interest in the infringing acts and "the authority to supervise, direct, or otherwise control the actions of the employees of" the School.  Compl. ¶ 24.

Finally, Defendants argue that the sought discovery would not reveal any contacts between the Graves Brothers and Texas.  They contend that Plaintiff's request for discovery is speculative. Plaintiff responds that there is publicly-available information that supports its request, including website postings by Todd Graves personally offering a video it believes is infringing.  It also points to other online forums where it contends Timothy Graves may have been distributing the Infringing Works to Texas residents.

**Memorandum Opinion and Order – Page 4**

The court has reviewed the parties' arguments, the evidence, the relevant law, and Plaintiff's Original Complaint.  The motion for leave is not moot; Plaintiff has alleged that this court has specific jurisdiction over the Graves Brothers based upon their personal torts directed at this forum.  The fiduciary shield doctrine does not protect them from the exercise of specific jurisdiction over them for their personal acts of copyright infringement.  *See Taylor Golf Co., Inc. v. MJT Consulting Group, LLC*, 265 F. Supp. 2d 732, 746 (N.D. Tex. 2003).  Plaintiff has alleged that the individual Defendants had a direct financial interest in the infringement and that they could have supervised, directed, or controlled the infringement.  The evidence submitted by Plaintiff in support of its response to the motion to dismiss conflicts with the Graves Brothers' sworn declarations, creating fact questions.  The court therefore determines that limited jurisdictional discovery is appropriate before it rules on the motion to dismiss for lack of personal jurisdiction.

## IV.    Conclusion

For the foregoing reasons, the court **grants** Plaintiff's Motion for Leave to Take Jurisdictional Discovery.  The court **lifts** the stay on discovery and will permit the parties to engage in discovery limited to the issue of Todd and Timothy Graves's contacts with the state of Texas.  This jurisdictional discovery must be complete no later than **August 30, 2010**.  The court's stay on other discovery remains **in effect**.  Plaintiff may file a supplemental response, not to exceed ten pages, to the motion to dismiss no later than **September 7, 2010**.  If the Graves Brothers wish to file a supplemental reply, they may file such a reply, not to exceed seven pages, no later than **September 13, 2010**.

**It is so ordered** this 1st day of July, 2010.

Sam A. Lindsay
United States District Judge